UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                  Case No. 18-32904-WRS
                                                                       Chapter 13

MATTHEW THOMAS MERRY,

    Debtor.

**MEMORANDUM DECISION**

This Chapter 13 case came before the Court for hearing on November 7, 2019, on the Debtor's Motion to Approve Compromise and the Application to Approve Attorney's Fees and Expenses. (Docs. 40 & 41). The Chapter 13 Trustee filed an objection to the motion. (Doc. 47). For the reasons set forth below, the motion is granted, in part, and the application is approved as filed.

**I. Facts**

The Debtor filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on October 12, 2018. (Doc. 1). The Debtor's Schedules indicate that he had a claim arising out of an automobile accident which took place in May of 2018, five months prior to filing bankruptcy. The Debtor had hired counsel to pursue the accident claim, which has subsequently settled. The Debtor now seeks approval for the settlement of the claim. (Doc. 40). The Chapter 13 Trustee objects because the motion proposes to pay $2,600 of the settlement proceeds to Healthstar Chiropractic. (Doc. 47). While the filings are lacking in detail in this regard, the Court finds that the chiropractic expenses were incurred prior to the date of the petition. The Debtor's confirmed plan proposes zero payments to unsecured creditors. (Docs. 30 & 34).

## II. Law

### A. Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(2)(B). This is a final order.

### B. The Claim of Healthstar Chiropractic

The Trustee objects to payment in full of Healthstar's unsecured claim, while other unsecured claims are paid nothing. (Doc. 47). The general rule is that unsecured claims are treated equally. *See Raleigh v. Illinois Dept. of Rev.*, 530 U.S. 15, 24-25 120 S.Ct. 1951, 1957-58 (2000) (discussing the rule of equality of claims and a bankruptcy court's power to deviate); *Matter of E.A. Fretz Co., Inc.*, 565 F.2d 366, 375 (5th Cir. 1978) (stating "[t]hat 'the theme of the Bankruptcy Act is equality of distribution' is a fundamental and long recognized principle").

Chapter 13 of the Bankruptcy Code has codified this principle. "[I]f the plan classifies claims, [it] shall provide the same treatment for each claim within a particular class." 11 U.S.C. § 1322(a)(3). There is an exception. 11 U.S.C. § 1322(b)(1) provides in relevant part, that

> (b) Subject to subsections (a) and (c) of this section, the plan may –
>
> (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated. . . .

*See In re* Brown, 500 B.R. 255 (Bankr. S.D. Ga. 2013) (discussing the various tests for unfair discrimination); In *re Abaunza*, 452 B.R. 866, 871-75 (Bankr. S.D. Fla. 2011) (same).

As a pre-petition, unsecured debt, the Healthstar Chiropractic debt should receive the same treatment under the plan as any of the Debtor's other unsecured debt it held as of the filing of the petition. In this case, no effort was made to show why the chiropractor should be favored over other unsecured creditors and the Court is aware of none. For this reason, the Court will grant the motion to approve the settlement, with the exception that the distribution should not be made to Healthstar Chiropractic out of the settlement proceeds. The Court notes that, in this case, the net proceeds of the settlement are to be paid to the Debtor because they are exempt funds. As such, the Debtor is free to pay Healthstar Chiropractic from his exempt funds if he chooses to do so.

### III. Conclusion

For the reasons stated, the Motion to Approve Settlement is granted, in part, on the terms indicated and the Application to Approve Attorney Fees and Expenses is approved. The Court will enter orders by way of separate documents.

Done this 20th day of December, 2019.

William R. Sawyer
United States Bankruptcy Judge

c: Debtor
Charles E. Grainger, Attorney for Debtor
Sabrina L. McKinney, Trustee
Bankruptcy Administrator
Tia M. Kennedy, Special Counsel